United States District Court
for the District Of New Jersey

DAVID HILL,

           Petitioner,

           v.

UNITED STATES OF AMERICA,

           Respondent.

Civil No.: 09-5728 (KSH)

**OPINION**

**Katharine S. Hayden, U.S.D.J.**

**I.     INTRODUCTION**

*Pro se* movant David Hill seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In 2005, Hill pleaded guilty to one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846, and on July 27, 2006, the Court sentenced him to 151 months of imprisonment. Hill now contends that counsel was ineffective for failing to argue for a sentencing variance based on the inhumane conditions of the Passaic County Jail where he was detained for approximately two years prior to sentencing. For the following reasons, his § 2255 motion will be denied.

**II.    PROCEDURAL AND FACTUAL BACKGROUND**

Hill was charged with conspiracy to distribute a controlled substance and detained pretrial at the Passaic County Jail. When he entered his plea, Hill was represented by Ronald Sampson. At the sentencing hearing, Paul Bergrin took over his representation. Hill appealed his sentence of 151 months, the Third Circuit summarily affirmed in September 2008 (*see* C.A. No. 06-3834), and he then timely filed this § 2255 motion.

1

### III. STANDARD FOR SECTION 2255 MOTIONS

Section 2255 provides relief to a federal prisoner on the following grounds: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255(a). A § 2255 motion is liberally construed when a prisoner proceeds *pro se*. *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007). The Court may dismiss the motion without holding an evidentiary hearing if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. 28 U.S.C. § 2255(b); *Liu v. United States*, No. 11-4646, ___ F. Supp. 2d ___, 2013 WL 4538293, at *9 (D.N.J. Aug. 26, 2013) (Simandle, J.) (citing *United States v. Booth*, 432 F.3d 542, 545–46 (3d Cir. 2005)).

### IV. ANALYSIS

#### A. Statute of Limitations

The government initially argues that Hill's motion is untimely inasmuch as the date of filing exceeds the one-year statute of limitations. 28 U.S.C. § 2255(f). The Third Circuit has held (with exceptions not relevant here) that a conviction becomes final on "the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires." *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). Because a litigant has 90 days to seek certiorari under Supreme Court Rule 13—which Hill did not do—his conviction became final, and his one-year statute of limitations began

to run, on December 4, 2008.  Having filed his motion on November 3, 2009,[1] Hill has made a timely application for relief.

      B.  <u>Waiver of the Right to File a Collateral Attack</u>

The government next contends that Hill's petition should be denied because his plea agreement included a conditional waiver of appeal and post-conviction rights, whereby he waived the right to file a § 2255 motion attacking his sentence if he was sentenced within or below the Guidelines range that results from an offense level of 33.  (Plea Agmt., Sched. A ¶ 7.) The plain text of the waiver applies to the present collateral attack, which challenges the sentence only and not the validity of the underlying conviction.  *Cf. Cedeno v. United States*, 455 F. App'x 241, 244 (3d Cir. 2011) (nonprecedential) (deciding that a similar § 2255 waiver did not apply when movant "did not waive the right to challenge the legal basis of the conviction itself"). Further, the Court sentenced Hill at level 33, which, based on his agreed-upon criminal history category II, provided for a range between 151 and 188 months.  (Sentencing Hrg. Tr. 9:2, 10:1–10.)  Hill received a sentence at the very bottom of that range.

While Hill's agreement to waive his right to file a motion under § 2255 did not bind the Court, the Third Circuit has held that such agreements are enforceable if "they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice." *United States v. Mabry*, 536 F.3d 231, 237 (3d Cir. 2008).  Hill does not contend that he was uninformed or forced to make his waiver, and in any event, the record shows otherwise.  At Hill's plea hearing, the Court specifically asked him, "[D]o you understand that if you are sentenced at a level 33 or lower, you give up your right to file an appeal or a post conviction challenge to your conviction or sentence[?]"  (Plea Hrg. Tr. 22:7–10.)  Hill responded that he did

---

[1] *See United States v. Delgado*, 363 F. App'x 853, 854 n.1 (3d Cir. 2010) (applying the "prison mailbox rule" to the filing date of a § 2255 motion).  Even if the Court were to use the date the motion was received—November 10—it would still be timely filed.

understand. (*Id.* 22:11.)  Shortly after that exchange, the Court again asked, "And do you understand that . . . you will not be able to file an appeal of your sentence of file for post conviction relief challenging your conviction or sentence, understood?" (*Id.* 22:23–24: 3.)  Hill again said "Yes." (*Id.* 23:4.)  The Court also questioned Hill at length about the factual bases for the plea and whether his decision to plead was of his own accord, after which it made a finding that "his guilty plea is a knowing and voluntary plea." (*Id.* 29:20–21.)

"Plea agreements, although arising in a criminal context, are analyzed under contract law standards." *United States v. Nolan-Cooper*, 155 F.3d 221, 236 (3d Cir. 1998).  And as contracts, plea agreements, and the waivers contained within, will not lightly be set aside if voluntarily and knowingly entered into.  *See, e.g.*, *United States v. Castro*, 704 F.3d 125, 135–36 (3d Cir. 2013) (discussing standard for review of plea agreements and appellate waivers).  The Court "find[s] no evidence that the plea agreement was not entered into knowingly or voluntarily, and [] also find[s] no other exceptional circumstances that would justify disregarding its terms." *United States v. Yeager*, 351 F. App'x 718, 721 (3d Cir. 2009) (nonprecedential).  Hence, the Court concludes that Hill's motion must be dismissed as barred by the collateral-attack waiver in the plea agreement.  That being the case, the Court will nonetheless address the merits of Hill's ineffective-assistance claim.

    C. <u>Ineffective Assistance</u>

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel.  In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set out the familiar test for demonstrating ineffective assistance.  First, the defendant must show that considering all the circumstances, counsel's performance fell below an objective standard of reasonableness.  *Id.* at 688–91.  Second, a defendant must affirmatively show prejudice, which is

found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 131 S. Ct. 770, 792 (2011).

Hill argues here that his attorney at sentencing failed to argue that he should receive a sentencing variance based on the inhumane conditions at the Passaic County Jail, where he was detained up until sentencing. According to Hill, his initial attorney told him that he was preparing such an argument. (Hill Mot. 12–13.) Hill argues that "no objective standard of reasonableness could rescue" Bergrin's performance. (*Id.* at 20.)

Hill's plea agreement, which was negotiated and signed by his first attorney, expressly precluded him from seeking any downward departure other than for acceptance of responsibility. (Plea Agmt., Sched. A ¶¶ 3–6.) As stated in the stipulations, "The parties agree not to seek or argue for any upward or downward departure or any upward or downward adjustment not set forth herein." (*Id.* ¶ 6.) Accordingly, counsel's not seeking a downward variance based on the conditions of the Passaic County Jail did not fall below an objective standard of reasonableness. Rather, counsel was following the terms of the plea—terms to which Hill agreed. The Third Circuit has specifically held that when a plea agreement precludes a defendant from arguing for a downward departure at sentencing, the omission of such an argument at sentencing does not establish deficient performance on counsel's part. *United States v. Hidalgo*, 262 F. App'x 453, 455 (3d Cir. 2008 (nonprecedential). This common-sense approach has been routinely followed in this district. *See Garnes v. United States*, No. 10-551, 2010 WL 3323806, at *3 (D.N.J. Aug. 20, 2010) (Chesler, J.) (movant failed to meet his burden when counsel did not seek a downward

departure because he agreed not to seek a downward departure from stipulated sentencing level); *DeJesus v. United States*, No. 08-1158, 2008 WL 2945959, at *6 (D.N.J. July 30, 2008) (Irenas, J.) (holding that counsel's performance was not unreasonable where plea agreement precluded seeking additional downward departures not in the plea agreement).

As it is, Hill's attorney did, in fact, argue that the conditions at the Passaic County Jail warranted a sentence at the low end of the sentencing range. (*See* Sentencing Hrg. Tr. 12:11–21).) The Court agreed: "[T]here is no doubt that the conditions of Passaic County jail are very difficult . . . . It is a very bad place to serve time. And, therefore . . . the sentencing range has to be on the low end given that." (*Id.* 22:19–23:3.)

## V. CONCLUSION

The Court is satisfied that Hill voluntarily waived his right to collaterally attack his sentence. Further, the Court concludes he has failed to show that counsel's performance fell below an objective standard of reasonableness. His § 2255 motion is denied. It follows that Hill's request for an evidentiary hearing is denied, as the record conclusively shows that he is not entitled to relief under § 2255. *United States v. Kenley*, 440 F. App'x 78, 80 (3d Cir. 2011) (nonprecedential); *see also United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008). Because Hill fails to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue.

An appropriate order follows.


January 27, 2014

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.